FILED
___A.M. ___P.M.
4:36
JUL 18 2017
CANYON COUNTY CLERK
DEPUTY BP

Eric S. Rossman, ISB #4573
erossman@rossmanlaw.com
Erica S. Phillips, ISB #6009
ephillips@rossmanlaw.com
ROSSMAN LAW GROUP, PLLC
737 N. 7th Street
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 342-2170

Matthew G. Gunn, IBS #8763
BARNUM HOWELL & GUNN, PLLC
380 S. 4th Street
P.O. Box 2616
Boise, ID 83701-2616
Telephone: (208) 336-3600
Facsimile: (208) 342-3077
Email: mgunn@bhglaw.net

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | |
|---|---|
| GAYLEN DOWNS, an individual,<br><br>Plaintiff,<br><br>-vs-<br><br>OLDCASTLE PRECAST, INC., a Washington corporation,<br><br>Defendant. | CASE NO. CV17-7853-C<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>Filing Fee: $221.00<br>Category: AA |

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

EXHIBIT 1
Page 1 of 7

COMES NOW, Gaylen Downs, the above-named Plaintiff, and for cause of action against the Defendant Oldcastle Precast, Inc., hereby COMPLAINS AND ALLEGES as follows:

## PARTIES

1. Plaintiff Gaylen Downs (hereinafter "Downs"), at all times herein mentioned has been, and presently is, a resident of Canyon County, Idaho.

2. Defendant Oldcastle Precast, Inc. (hereinafter "Oldcastle"), at all times herein mentioned has been, and presently is, a Washington corporation authorized to do business in the State of Idaho.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to Idaho Code §§ 1-705 and 5-514.

4. Venue is proper, pursuant to Idaho Code § 5-404, because this cause of action arose within Canyon County and the principal place of business for Oldcastle is located within Canyon County.

## GENERAL ALLEGATIONS

5. Mr. Downs became an employee of Oldcastle in approximately September of 2008.

6. Mr. Downs was employed by Oldcastle as the lead maintenance worker.

7. On July 29, 2015 Mr. Downs had an accident at work and filed a worker's compensation claim.

8. Following the July 29, 2015 work injury incident, Oldcastle changed their injury

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

EXHIBIT 1
Page 2 of 7

reporting rules so that Mr. Downs had to report any incident to the safety director, Dave Reed, and production manager, Spencer Jones.

9. Oldcastle's regional manager (Mark Rose's boss) told all employees that if they suffered an injury, their employment would be terminated.

10. While still on light duty restrictions from his July 29, 2015 work injury incident, Mr. Downs suffered another work injury on February 19, 2016.

11. On February 19, 2016 Mr. Downs stepped backwards and tripped over a wood pallet, injuring his knee.

12. Mr. Downs reported his injury to his supervisor, Ben Brown, on February 19, 2016. Neither Mr. Reed, the safety director, nor Mr. Jones, the production manager, were at work at the time of the incident.

13. Following his shift, Downs went to a bar for drinks. While at the bar, Mr. Jones called him back in to work.

14. Mr. Jones offered to pick Mr. Downs up at the bar and knew that Mr. Downs had been drinking.

15. On February 22, 2016 Mr. Downs again reported the injury he suffered on February 19, 2016 to Mr. Brown.

16. Mr. Downs worked on February 22 and 23, 2016, but on Wednesday, February 24, 2016, Mr. Downs was in so much pain from his knee injury that he contacted Mr. Brown, sent him photographs of his knee, and took the day off from work to see a physician.

17. On February 24, 2016 Mr. Downs went to the Primary Health on 12th Avenue Road in Nampa, Idaho to have his knee evaluated. Primary Health contacted Oldcastle.

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

EXHIBIT 1
Page 3 of 7

18. While at Primary Health, Mr. Downs was notified that he was at the wrong Primary Health. Mr. Dave Reed arrived and they each drove to the correct Primary Health facility, located on Nampa-Caldwell Boulevard in Nampa, Idaho.

19. Mr. Reed told Mr. Downs that he should use vacation time off rather than reporting a worker's compensation claim.

20. Mr. Downs used vacation leave between February 24, 2016 and February 28, 2016.

21. Mr. Downs returned to work on Monday, February 29, 2016. At the end of Mr. Downs' shift, Mr. Jones met with Mr. Downs. At the conclusion of their meeting, Mr. Jones told Mr. Downs to leave company property.

22. Mr. Downs had a follow up appointment with his physician on March 1, 2016. Mr. Reed accompanied Mr. Downs to his medical appointment. Mr. Downs' physician released him back to work.

23. On March 2, 2016 Mr. Downs returned to work and provided the physician's release to Mr. Jones. At the end of his shift, Mr. Downs was called to the office and terminated for seeking medical care without notifying the safety director and production supervisor.

24. Subsequent to his employment being terminated and as a result thereof Mr. Downs began to suffer from anxiety, depression, and insomnia.

## COUNT ONE

*Termination in Violation of Idaho Public Policy*

25. Mr. Downs hereby realleges the allegations contained in Paragraphs 1 through 24 as set forth above, and incorporates the same herein by reference.

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

EXHIBIT 1
Page 4 of 7

26. An employer is liable for wrongful termination where the motivation for the termination contravenes public policy.

27. An important public policy recognized by Idaho State common law and statutes is that an employer may not discharge an employee on the basis of the employee exercising statutory rights.

28. Oldcastle's termination of Mr. Downs' employment because he exercised statutory rights by filing a Workers' Compensation claim constituted a material breach of the aforementioned recognized and established public policy.

29. As a direct and proximate result of Oldcastle's breach of public policy, Mr. Downs has suffered damages in excess of $10,000 to be proven with specificity at trial.

30. Mr. Downs is entitled to recover his attorney fees and costs incurred in pursuing this matter pursuant to Idaho Code §§ 12-120, 12-121 and 45-615.

31. Mr. Downs hereby reserves this paragraph for the inclusion of a claim for punitive damages pursuant to Idaho Code § 6-1604.

## COUNT TWO

### *Negligent and/or Intentional Infliction of Emotional Distress*

32. Mr. Downs hereby realleges the allegations contained in Paragraphs 1 through 30 as set forth above, and incorporates the same herein by reference.

33. By its actions detailed herein above, Oldcastle has negligently and/or intentionally caused Mr. Downs to suffer extreme mental anguish and emotional distress.

34. As a result of Oldcastle's negligent and/or intentional infliction of severe emotional distress, Mr. Downs has suffered damages in an amount exceeding $10,000, the

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

EXHIBIT 1
Page 5 of 7

exact amount to be proven with specificity at trial.

35. Mr. Downs is entitled to recover his attorney fees and costs incurred in prosecuting this action pursuant to Idaho Code §§ 12-120, 12-121 and 45-615.

## ATTORNEY FEES AND COSTS

As a consequence of Oldcastle's conduct and/or acts and/or admissions, Mr. Downs has been required to retain the services of legal counsel, and therefore, is entitled to recover his attorney fees and costs incurred in prosecuting this action pursuant to Idaho Code §§ 12-120, 12-121 and 45-615.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Downs prays for Judgment, Order and Decree of this Court as follows:

1. For judgment of the court awarding Mr. Downs damages in excess of $10,000 incurred as a result of Oldcastle's termination in violation of Idaho Public Policy, retaliation in violation of Idaho Public Policy and negligent and/or intentional infliction of emotional distress.

2. For prejudgment interest on all damages recovered at the rate set forth within Idaho Code § 28-22-104.

3. For Mr. Downs' reasonable attorney fees and costs incurred in prosecuting this action, pursuant to Idaho Code §§ 12-120, 12-121 and 45-615.

4. For such other and further relief as court deems just and necessary.

## DEMAND FOR JURY TRIAL

Downs hereby demands a jury trial pursuant to Idaho Rule of Civil Procedure 38(b).

COMPLAINT AND DEMAND FOR JURY TRIAL - 6

EXHIBIT 1
Page 6 of 7

DATED this 10th day of July, 2017.

BARNUM HOWELL & GUNN, PLLC

/s/ Matthew G. Gunn
Matthew G. Gunn
Attorneys for Plaintiff

Z:\Work\D\Downs, Gaylen\Pleadings\Complaint v 2.docx

COMPLAINT AND DEMAND FOR JURY TRIAL - 7

EXHIBIT 1
Page 7 of 7

F I L E D
A.M. _____ P.M. 4:36
JUL 18 2017
CANYON COUNTY CLERK
DEPUTY B/?

Eric S. Rossman, ISB #4573
erossman@rossmanlaw.com
Erica S. Phillips, ISB #6009
ephillips@rossmanlaw.com
ROSSMAN LAW GROUP, PLLC
737 N. 7th Street
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 342-2170

Matthew G. Gunn, IBS #8763
BARNUM HOWELL & GUNN, PLLC
380 S. 4th Street
P.O. Box 2616
Boise, ID 83701-2616
Telephone: (208) 336-3600
Facsimile: (208) 342-3077
Email: mgunn@bhglaw.net

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | |
|---|---|
| GAYLEN DOWNS, an individual, ) | CASE NO. CV 17-7853 |
| Plaintiff, ) | |
| -vs- ) | SUMMONS |
| OLDCASTLE PRECAST, INC., a ) Washington corporation, ) | |
| Defendant. ) | |

**NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF(S). THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO:   OLDCASTLE PRECAST, INC.

SUMMONS - 1

EXHIBIT 2
Page 1 of 2

Registered Agent: Corporation Service Company
12550 W. Explorer Drive, Suite 100
Boise, ID 83713

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above designated court within 21 days after service of this Summons on you. If you fail to so respond the court may enter judgment against you as demanded by the plaintiff(s) in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1. The title and number of this case.

2. If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3. Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4. Proof of mailing or delivery of a copy of your response to plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

DATED this __18__ day of July, 2017.

CLERK OF THE DISTRICT COURT

_____
Deputy

Z:\Work\D\Downs, Gaylen\Pleadings\Summons.docx
**SUMMONS - 2**

EXHIBIT 2
Page 2 of 2

FILED
A.M. _____ 12:23 P.M.

AUG 15 2017

CANYON COUNTY CLERK
DEPUTY

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | |
|---|---|
| GAYLEN DOWNS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>OLDCASTLE PRECAST, INC., a Washington corporation,<br><br>Defendant. | CASE NO. CV2017-7853-C<br><br>AFFIDAVIT OF SERVICE |

STATE OF IDAHO        )
                     : ss.
County of Canyon     )

MIKE RIDGEWAY, being first duly sworn, deposes and says:

That I am a resident of the State of Idaho. That I am over eighteen years of age and not a party to this action. That on the 4th day of August, 2017, at 3:06 o'clock p.m., I served a copy of the SUMMONS and COMPLAINT AND DEMAND FOR JURY TRIAL in the above-entitled action upon OLDCASTLE PRECAST,, INC., a Washington corporation, by delivering to and leaving with Registered Agent, Corporation Service Company, receiving person Megan Dickson, at 12550 W. Explorer Drive, Suite 100, Boise, Idaho.

MIKE RIDGEWAY

SUBSCRIBED AND SWORN to before me this 8th day of August, 2017.

A. Robinson
Notary Public for Idaho
Residing at: Fruitland, ID
My Commission expires: 8/20/2021

A. ROBINSON
Notary Public
(SEAL) of Idaho

Fee:          $55.00
Mileage(12)   $0
Misc:         $0
TOTAL FEE:    $55.00

EXHIBIT 3
Page 1 of 1